UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE CHANTALE JOSEPH,

Plaintiff(s),

-against-

NORTHWOOD GROUP, LLC, CENTURY 21 WOLFF & SON BUSINESS BROKERS INC., FREMONT INVESTMENT & LOAN, WILNER LUCTAMAR, SG AMERICAS SECIRUITIES, GMAC MORTGAGE, XYZ CORPORATION, (said name being fictitious, it being the intention of Plaintiff to designate any corporation having a legal interest in Plaintiff's mortgages), DOES 1-10, (said name being fictitious, it being the intention of Plaintiff to designate any individual or corporation responsible in some manner for the injuries sustained by Plaintiff),

Defendant(s).

Case No.: 08-CV-3644
(SCR)

MEMORANDUM OF LAW IN SUPPORT OF DEFEDANT FREMONT INVESTMENT & LOAN'S MOTION TO <u>DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)</u>

**KNUCKLES & KOMOSINSKI, P.C.**
KENNETH J. FLICKINGER, ESQ. (KJ-1179)
Attorneys for Defendant
FREMONT INVESTMENT & LOAN
220 White Plains Road, 6th Floor
Tarrytown, NY 10951
Telephone: (914) 220-0155
Facsimile: (914) 366-0080

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...........................................................................iii-v

PRELIMINARY STATEMENT....................................................................1-2

STATEMENT OF FACTS.............................................................................3-4

STANDARD OF REVIEW............................................................................4-5

ARGUMENT....................................................................................................5

    I.     PLAINTIFF FAILS TO STATE A CLAIM OF ALLEGED CREDIT DISCRIMINATION AGAINST FREMONT PURSUANT TO THE FHA ........5

    II.    PLAINTIFF FAILS TO STATE A CLAIM OF ALLEGED CREDIT DISCRIMINATION AGAINST FREMONT PURSUANT TO THE ECOA....10

    III.   PLAINTIFF FAILS TO STATE A CLAIM OF ALLEGED CREDIT DISCRIMINATION AGAINST FREMONT PURSUANT TO 42 U.S.C. §§ 1981, 1982, AND 1985..........................................................................................11

    IV.   PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO NY GBL § 349 UPON WHICH RELIEF CAN BE GRANTED AGAINST FREMONT....................................................................................................14

    V.    PLAINTIFF'S CLAIM FOR ALLEGED FRAUD FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST FREMONT..........16

    VI.   PLAINTIFF'S CLAIM FOR ALLEGED VIOLATION OF NYS HUMAN RIGHTS LAW FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST FREMONT........................................................17

VII.   DISMISSAL OF PLAINTIFF'S FEDERAL STATUTORY CLAIMS SHOULD RESULT IN DECLINATION OF SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S ALLEGED STATE LAW CLAIMS...............................................18

CONCLUSION....................................................................................................................19

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995)............................................17

Albert v. Carovano, 851 F.2d 561 (2d Cir. 1988)..........................................................13

Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).....................5

Andre Strishak & Associates, P.C. v. Hewlett Packard Co.,

300 A.D.2d 608 (2nd Dept. 2002)...........................................................................15-16

Atl. Mut. Ins. Co. v. Balfour Maclame Int'l Ltd., 968 F.2d 196 (2d Cir. 1992)..........5

Barkley v. Olympia Mortgage Co., 2007 WL 2437810 (E.D.N.Y. 2007)....................7,8

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007)........................5,8

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614,

98 L.Ed.2d 720 (1988)...............................................................................................10

Conley v. Gibson, 355 U.S. 41 (1957).............................................................................5

Dawson v. Bumble & Bumble, 398 F.3d 211 (2d Cir. 2005)........................................18

Dove v. Fordham Univ., 56 F. Supp. 2d 330 (S.D.N.Y. 1999)..................................12,13

Equicredit Corp. of N.Y. v. Turcios, 300 A.D.2d 344 (2nd Dept. 2002)....................7

Harary v. Allstate Ins. Co., 983 F. Supp. 95 (E.D.N.Y. 1997)....................................12

In Re Barker, 251 B.R. 250 (Pa. E.D. 2000)..................................................................9

Iqbal v. Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911

(2d Cir. June 14, 2007).............................................................................................6,11

Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326 (2d Cir. 1997)...........................5

Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S. Ct. 2186 (1968)...........................12

Lynn v. Village of Pomona, No. 05-cv-3955,

2007 U.S. App. LEXIS 610, at *3 n. 2 (2d Cir. Jan. 9, 2007)........................................18

Makarova v. U.S., 201 F.3d 110 (2d Cir. 2000)..............................................5

Marcus v. AT&T Corp., 138 F.3d 46 (2d Cir. 1998).....................................11

Matthews v. New Century Mortgage Corp.,

185 F. Supp. 2d 874 (S.D. Ohio 2002).........................................................7,10

McGlawn v. Pennsylvania Human Relations Comm'n,

891 A.2d 757 (Pa. Commw. Ct. 2006)..............................................................9

Michigan Protection and Advocacy Service, Inc. v. Babin,

18 F.3d 337 (6th Cir. 1994)...............................................................................6

Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.,

7 F.3d 1085 (2d Cir. 1993)..............................................................................12

Nave v. Life Bank, 334 B.R. 586 (Bankr. M.D. Tenn. 2005).........................9

Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A.,

623 N.Y.S.2d 529 (1995).................................................................................15

Robinson v. Gov't of Malaysia, 269 F.3d 133 (2d Cir. 2001).........................5

United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S> 825 (1983).........13

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130,

16 L.Ed.2d 218 (1966)....................................................................................11

U.S. v. Weisz, 914 F. Supp. 1050 (S.D.N.Y. 1996).........................................8

Valencia ex rel. Franco v. Lee, 316 F.3d 299 (2d Cir. 2003).......................19

Wiltshire v. Danraj, 21 F. Supp. 2d 544 (E.D.N.Y. 2005)..........................7-10,

Wyatt v. Union Mtg., 24 Cal.3d 773 (1979)....................................................9

Yusuf v. Vassar College, 827 F. Supp. 952 (S.D.N.Y. 1993).......................13

-iv-

## STATUTES

15 U.S.C. § 1691.................................................................................2,10

28 U.S.C. § 1367.................................................................................2,18

42 U.S.C. § 3604................................................................................1,5,6

42 U.S.C. § 3605.............................................................................1,5,6,10

42 U.S.C. § 1981.............................................................................2,11,12

42 U.S.C. § 1982.............................................................................2,11,12

42 U.S.C. § 1985..........................................................................2,11,13,14

Fed. R. Civ. P. 9..............................................................................16,17

Fed. R. Civ. P. 12(b)(1)......................................................................1,4,20

Fed. R. Civ. P. 12(b)(6)........................................................................1,20

NY GBL § 349.............................................................................14,15,16,20

NYS Exec. Law § 296-a..........................................................................17

## **PRELIMINARY STATEMENT**

Defendant FREMONT INVESTMENT & LOAN (hereinafter "Fremont"), hereby moves this Court for an Order pursuant to Fed. R. Civ. P. 12(b)(1) and (6) dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiff's Complaint fails to state a claim for alleged credit discrimination upon which relief can be granted, but rather states a claim for fraud against the mortgage broker that represented her in the subject transaction whereby Plaintiff purchased a home with a loan from Fremont. Plaintiff attempts to incite an emotional response to its inflammatory allegations of alleged discrimination to bolster the only true claim she has, alleged fraud against the mortgage broker.

Plaintiff's Complaint fails to state a claim for alleged credit discrimination upon which relief can be granted against Fremont pursuant to the federal Fair Housing Act, codified at 42 U.S.C. §§3604, 3605, as Plaintiff has failed to allege the prima facie allegations necessary to state such a claim, to wit, that she applied for credit, was qualified for the credit, and was denied. Rather, Plaintiff propounds a theory of alleged "reverse redlining," stating that she was extended a loan with allegedly "grossly unfavorable terms" based upon her race. While Plaintiff's alleged "reverse redlining" claim is facially deficient, the Eastern District of New York has recently adopted a claim for alleged "reverse redlining" pursuant to the FHA. However, despite the Eastern District's recent ruling Plaintiff still fails to state a claim upon which relief can be granted because she fails to allege any specific facts to substantiate her conclusory

allegations, including that she qualified for a better loan product than that which Fremont extended to her.

Plaintiff's Complaint similarly fails to state a claim upon which relief can be granted pursuant to the federal Equal Credit Opportunity Act, codified at 15 U.S.C. § 1691, et seq., and pursuant to 42 U.S.C. §§ 1981, 1982, and 1985, as Plaintiff fails to make the necessary allegation that she was denied credit. Plaintiff's also fails to allege a valid "reverse redlining" claim as she fails to set forth specific facts indicating alleged discriminatory intent, "targeting," or "disparate impact."

As more fully set forth below, Plaintiff's allegations fall woefully short of stating a federal claim of credit discrimination upon which relief can be granted. As such, Plaintiff's remaining State and common law claims should likewise be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

## STATEMENT OF FACTS

Plaintiff Marie Chantale Joseph ("Plaintiff"), through defendant Northwood Group, LLC, ("Northwood"), a licensed mortgage broker, applied to defendant Fremont Investment & Loan ("Fremont") for a loan to purchase the premises located at 168 North Lawn Avenue, Elmsford, New York (the "Premises") pursuant to fully executed contract of sale, a copy of which is annexed to the moving papers as **Exhibit "A."** A copy of the residential mortgage application is annexed to the moving papers as **Exhibit "B"**.

Fremont processed the application submitted by Northwood on Plaintiff's behalf, and agreed to provide Plaintiff with two loans in the amounts of $420,000.00 and $78,750.00 (the "Loans"), to be secured by a first and second mortgage, respectively, on the Premises.

As is custom in the warehouse lending industry, Northwood selected the settlement agent to represent Fremont at the closing of the loan transaction. In the instant matter, Northwood selected Gregory J. Tembeck, Esq.

Plaintiff was represented in the Loan transaction by Mark J. Kamensky, Esq.

On or about April 20, 2006, the Loan closed in the offices of Mark J. Kamensky, Esq., located at 327 Irving Avenue, Portchester, NY. During the closing, Plaintiff executed her evidences of obligations, evidencing indebtedness to Fremont in the amounts of $420,000.00 and $78,750.00 (the "Notes"). Copies of the fully executed Notes are annexed to the moving papers as **Exhibit "C"**.

On or about the same date, Plaintiff executed two mortgages in the amounts of $420,000.00 and $78,750.00 (the "Mortgages") conveying security interests in the Premises to Fremont, copies of which are annexed to the moving papers as **Exhibit "D"**.

The Notes and Mortgages were thereafter sold to defendants SG Securities and GMAC, and service released to Wells Fargo and Litton Loan Servicing, respectively.

Plaintiff thereafter made a complaint to the U.S. Department of Housing and Urban Development, a copy of which is annexed hereto as **Exhibit "E."** The HUD complaint was thereafter referred to the New York State Banking Department and New York State Division of Human Rights. The petition in the NYS Division of Human Rights was withdrawn on or about March 3, 2008.

Plaintiff commenced the instant action seeking, *inter alia*, to rescind the Loans, and seeking alleged compensatory damages, attorney's fees, and alleged punitive damages.

## STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b) (1), courts must accept as true the factual allegations contained in a complaint. See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (citing Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); Atl. Mut. Ins. Co. v. Balfour Maclame Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). A court may also consider evidence beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001) (citing Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000)).

In <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007), the Supreme Court recently abandoned the long-standing precedent that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), (overruled by <u>Bell Atl. Corp.</u>, 127 S.Ct. 1955 (2007). Holding that "<u>Conley</u>'s 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp.</u>, 127 S.Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965.

The Second Circuit has interpreted <u>Bell Atlantic</u> to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Iqbal v. Hasty</u>, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35 (2d Cir. June 14, 2007).

## POINT I

## PLAINTIFF FAILS TO STATE A CLAIM OF ALLEGED CREDIT

## DISCRIMINATION AGAINST FREMONT PURSUANT TO THE FHA

1.    Plaintiff alleges Fremont violated sections 3604 and 3605 of the Fair Housing Act by "intentionally targeting Mrs. Joseph for grossly unfair terms...on the basis of national origin." (Plaintiff's Complaint at ¶72).

-- 5 --

2.     However, 42 U.S.C. § 3604 applies only to discrimination in the "sale or rental" of real property.  As Fremont did not engage in any sale or rental of real property, but merely provided Plaintiff with financing with which to purchase the Premises, 42 U.S.C. § 3604 is inapplicable to Fremont, and any claim against Fremont pursuant to 42 U.S.C. § 3604 should be dismissed.

3.     42 U.S.C. § 3605 prohibits discrimination in "residential real estate related transactions," which includes "the making or purchasing of loan or providing other financial assistance - for purchasing, constructing, improving, repairing, or maintaining a dwelling."  42 U.S.C. § 3605 therefore applies to Fremont as the lender that provided Plaintiff with the financing necessary to purchase the Premises.

4.     However, it has been held that a plaintiff invoking § 3605 must demonstrate: "(1) that they were members of a protected class; (2) that they attempted to engage in a "real estate-related transaction" with the defendant and met all relevant qualifications for doing so; (3) that defendant lender refused to transact business with the plaintiffs despite their qualifications; and (4) that the defendant lender continued to engage in that type of transaction with other parties with similar qualifications."  See, Michigan Protection and Advocacy Service, Inc. v. Babin, 18 F.3d 337, 346 (6th Cir.1994).

5.     In the instant matter, Plaintiff has failed to make the allegations required to state a claim pursuant to § 3605, as Fremont did not "refuse to transact business with the plaintiffs," but rather provided Plaintiff with the financing she needed to purchase the Premises.  As such, Plaintiff fails to state a claim for discrimination pursuant to 42 U.S.C. § 3605.

6.     Furthermore, New York Courts have previously held that a plaintiff cannot state a claim pursuant to FHA or ECOA based upon a theory of "reverse redlining." See, Equicredit Corp. of N.Y. v. Turcios, 300 A.D.2d 344 (2nd Dept. 2002).

7.     Despite the authority cited above, the United States District Court for the Eastern District of New York has recently upheld claims for alleged "reverse redlining" pursuant to the FHA and ECOA. See, Barkley v. Olympia Mortgage Co., 2007 WL 2437810 (E.D.N.Y. 2007).

8.     However, "to establish a prima facie case of [reverse redlining] discrimination ..., the plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for and was qualified for loans; (3) that the loans were given on grossly unfavorable terms; and (4) that the lender continues to provide loans to other applicants with similar qualifications, but on significantly more favorable terms." Wiltshire v. Danraj, 21 F. Supp. 2d 544, 554 (E.D.N.Y. 2005); Matthews v. New Century Mortgage Corp., 185 F. Supp. 2d 874, 886 (S.D. Ohio 2002).

9.     Plaintiff has failed to make the necessary allegations to sustain her prima facie case for "reverse redlining" as set forth above, as she has failed to allege that Fremont "continues to provide loans to other applicants with similar qualifications, but on significantly more favorable terms." Id.

10.     Indeed, "plaintiffs have not alleged that they were treated any worse than similarly situated home buyers of other ethnic backgrounds, and therefore cannot meet the fourth element of a "reverse redlining" claim. A conclusory allegation that defendants discriminated against Plaintiffs because they are "minority buyers" is

insufficient to state a cause of action under the FHA." <u>Wiltshire</u>, 21 F. Supp. 2d at 554-555 (<u>citing</u> <u>U.S. v. Weisz</u>, 914 F.Supp. 1050, 1053 (S.D.N.Y.1996)).

11.    Plaintiff also fails to allege that she "applied for and [was] qualified for fairly administered loans," necessary to satisfy the second element of a "reverse redlining" claim pursuant to FHA. <u>Barkley</u>, 2007 WL 2437810 at 15.

12.    Fremont has also not engaged in loan originations since early 2007, making it impossible for Plaintiff to prove that Fremont "*continues* to provide loans to other applicants with similar qualifications, but on significantly more favorable terms." <u>Id</u> at 554 (emphasis added).

13.    Plaintiff has not alleged a "disparate impact" theory of discrimination, but has reserved its allegations to alleged "intentional targeting." (Comp. at VII).

14.    Plaintiff has similarly failed to plead factual allegations in the Complaint that plausibly support its "intentional targeting" theory.    In particular and notwithstanding the Supreme Court's recent and explicit direction that a pleader must assert enough facts to show a "plausible" and non-speculative right to relief, <u>Bell Atlantic</u>, 127 S. Ct. at 1964-65, Plaintiff herein has presented a Complaint that is vague, speculative, and conclusory.

15.    Even the Eastern District in <u>Barkley</u>, while sustaining the plaintiffs' "reverse redlining" claim alleging intentional targeting, acknowledged that plaintiffs' allegation that "the various actions constituting the fraud 'were taken deliberately and with racially discriminatory intent'" were "[s]tanding alone...too conclusory to allege intentional racial discrimination."   2007 WL 2437810 at 11.   It was only the <u>Barkley</u> plaintiffs' "*detailed allegations* of defendants' efforts to accomplish this targeting through

advertising and other modes of minority-focused outreach and race-sensitive recruiting" that saved them from the same fate suffered by the plaintiffs in <u>Wiltshire</u>. <u>Id</u> at 12 (emphasis added). Plaintiff herein has sorely failed to allege such detailed allegations of alleged targeting.

16.     Furthermore, Plaintiff's claim that the terms of the Loans were "grossly unfavorable" is based upon the allegation that Plaintiff's income was fraudulently inflated by the mortgage broker and its agent-employee, Wilner Luctamar. (Comp. at ¶36-37). However, a mortgage broker is not the agent of the lender and thus the allegedly fraudulent misrepresentation of Plaintiff's income cannot be imputed to Fremont. <u>See</u>, e.g., <u>In re Barker</u>, 251 B.R. 250 (Pa. E.D. 2000); <u>McGlawn v. Pennsylvania Human Relations Comm'n,</u> 891 A.2d 757, 769 (Pa. Commw. Ct. 2006); <u>Wyatt v. Union Mtg.</u>, 24 Cal.3d 773, 782 (1979); <u>Nave v. Life Bank</u>, 334 B.R. 586, 592-93 (Bankr. M.D. Tenn. 2005) (policy considerations necessitate determination that mortgage brokers are not the agent of lender because many mortgage brokers broker loans for more than one lender).

17.     Further, since the cause of the allegedly "grossly unfavorable" Loan terms was an alleged misrepresentation of defendant Wilner Luctamar, Plaintiff has failed to establish its prima facie burden to allege that the terms of the Loans given by Fremont were "given on grossly unfavorable terms." <u>Wiltshire</u>, 21 F. Supp. 2d at 554. Plaintiff fails to allege that the Loan terms were unfavorable based upon the information provided to Fremont by Plaintiff's mortgage broker, and therefore the terms of the Loans are not "grossly unfavorable" on their face.

18.     As the court stated in <u>Wiltshire</u>, "[a]t best, plaintiffs have a fraud case; not a RICO case or a Fair Housing Act case or even a discrimination case. Plaintiffs have made serious allegations, which, if true, detail an egregious fraud. But that is all they have done."  21 F. Supp. 2d at 557.  While it is appears that Plaintiff has stated a prima facie case of fraud against the mortgage broker, it has wholly failed to state a claim for credit discrimination pursuant to a theory of "reverse redlining."

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM OF ALLEGED CREDIT
## DISCRIMINATION AGAINST FREMONT PURSUANT TO THE ECOA

19.     Plaintiff alleges Fremont violated the federal Equal Credit Opportunity Act, codified at 15 U.S.C. § 1691, et seq. (Comp. at ¶76).

20.     To establish a prima facie case of discrimination pursuant to ECOA, a plaintiff must make the same allegations necessary to establish a prima facie case of discrimination pursuant to the FHA.  <u>See</u>, <u>Matthews</u>, 185 F. Supp. 2d at 886-887 (stating that both a 42 U.S.C. § 3605 claim and an ECOA claim are evaluated using the same framework and burden allocation system that is applied to Title VII cases).  Thus, the analysis made herein with respect to Plaintiff's FHA claim also addresses Plaintiff's ECOA claim.

21.     As discussed above, Plaintiff has failed to state a claim for discrimination pursuant to either FHA or ECOA, as Plaintiff has failed to allege any facts sufficient to support three of the four (4) prima facie elements of a claim of "reverse redlining." Plaintiff has failed to allege that she was qualified for fairly administered loans, that the

-- 10 --

Loans were given on "grossly unfavorable terms," or that Fremont continues to provide loans to other applicants with similar qualifications but on significantly more favorable terms.   (See ¶11, ¶12, and ¶17 above).   The only element that Plaintiff sufficiently alleges is that she is a member of a protected class. (Comp. at ¶11).

22.    Plaintiff's failure to plead factual allegations in support of her otherwise conclusory allegations of intentional discrimination and racial targeting is fatal to her claims therefore as she is required "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Iqbal v. Hasty</u>, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35 (2d Cir. June 14, 2007).

23.    It is axiomatic that a plaintiff bringing an action for alleged racial discrimination be required to plead factual allegations that tend to support the elements of a claim of discrimination.   Intentional racial discrimination is an especially noxious phenomenon, allegations of which can have an extremely negative impact on a party's reputation, business, and livelihood.   Plaintiff's conclusory and inflammatory claims of discrimination are not supported by sufficient facts to state a claim upon which relief can be granted against Defendant Fremont, and should be dismissed on that basis.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM OF ALLEGED CREDIT DISCRIMINATION AGAINST FREMONT PURSUANT TO 42 U.S.C. §§ 1981, 1982, AND 1985

24.    Plaintiff alleges Fremont violated the 42 U.S.C. §§ 1981, 1982, and 1983. (Comp. at ¶76).

25.     "To state a claim under § 1981, the following must be alleged: '(1) the plaintiff is a member of racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" Dove v. Fordham Univ., 56 F. Supp. 2d 330, 338 (S.D.N.Y. 1999) (quoting Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993)).  Similarly, "[t]o maintain an action under § 1982, a plaintiff must allege that she was [intentionally] deprived of a property right because of her race." Harary v. Allstate Ins. Co., 983 F. Supp. 95 (E.D.N.Y. 1997) (citing Jones v. Alfred H. Mayer Co., 392 U.S. 409, 436, 88 S. Ct. 2186 (1968)).

26.     However, as discussed above, Plaintiff has failed to allege specific facts that would tend to indicate that Fremont engaged in any form of intentional discrimination of any kind whatsoever.  Rather, the facts of this matter as set forth by Plaintiff herself belie a claim of intentional discrimination on the part of Fremont.  For instance, Plaintiff alleges that Defendant Wilner Luctamar was an agent for Defendants Northwood Group, LLC and or Century 21 Wolff & Sons Business Brokers Inc. (Comp. at ¶25), that Defendant Wilner Luctamar made misrepresentations *to Fremont* on the loan application (Comp. at ¶36-37), and that all representations and communications were made with Defendant Wilner Luctamar in Creole (Comp. at ¶66).  Noticeably absent from Plaintiff's allegations are specific facts that would indicate that Fremont engaged in an illegal practice of intentional discrimination.

27.     "In order to survive a motion to dismiss, 'the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating

factor for the defendant's actions must be specifically pleaded in the complaint.'" <u>Dove</u>, 56 F.Supp.2d at 338 (<u>quoting</u> <u>Yusuf v. Vassar College</u>, 827 F.Supp. 952, 955 (S.D.N.Y. 1993), <u>aff'd</u> in part and vacated in part, 35 F.3d 709 (1994)). "Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory, and racially motivated." <u>Albert v. Carovano</u>, 851 F.2d 561, 571 (2d Cir. 1988). Plaintiff's failure to allege purposeful discrimination or animus is fatal to their sections 1981 and 1982 claims, which should therefore be dismissed.

28.    "The four elements of a § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" <u>Mian</u>, 7 F.3d at 1087-88 (2d Cir. 1993) (<u>citing</u> <u>United Bhd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. 825, 828-29 (1983).

29.    Plaintiff has clearly failed to allege "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action" as required to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1985. <u>Id</u> at 1087-1088.

30.    Rather, Plaintiff's allegations that her mortgage broker, Defendant Wilner Luctamar, misrepresented Plaintiff's personal financial information *to Fremont*

thoroughly belies the alleged claim that Fremont intentionally participated in a discriminatory conspiracy with the remaining defendants. (Comp. at ¶36-37).

31.    As such, and based upon the foregoing arguments, Plaintiff's cause of action for alleged discrimination pursuant to 42 U.S.C. § 1985 should also be dismissed.

## POINT IV

## PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO NY GBL § 349 UPON WHICH RELIEF CAN BE GRANTED AGAINST FREMONT

32.    Plaintiff's Fourth cause of action purports to allege a violation of NY GBL § 349 against Fremont.  However, the "materially deceptive acts" complained of cannot be attributed to Fremont, but are instead the acts of Plaintiff's mortgage broker, Wilner Luctamar.  Accepting Plaintiff's allegations as true, the Complaint still fails as a matter of law to state a cause of action against Fremont for violation of GBL § 349, as there is no allegation of any misrepresentation by Fremont.

33.    A review of the factual allegations contained in the verified Complaint reveals that Plaintiff fails to make a single allegation of misrepresentation by Fremont or by anyone authorized to act on Fremont's behalf.  Rather, the Complaint alleges misrepresentations by Defendant Wilner Luctamar, employee of Plaintiff's mortgage broker, Northwood Group, LLC. (Comp. at ¶36-37).

34.    In fact, Plaintiff alleges that all communications regarding the transaction were communicated to her by Defendant Wilner Luctamar in Creole and that all communications were in Creole.  (Comp. at 66).

35.    The only "materially deceptive act" claimed by Plaintiff that would be attributable to Fremont is "making two loans, with grossly unfavorable terms, to Mrs. Joseph that had combined monthly payments that were unaffordable, based on Mrs. Joseph's current and expected income." (Comp. at ¶91(i)).  However, the fatal flaw in Plaintiff's single allegation against Fremont is that she alleges that the loan terms were unfavorable "based on Mrs. Joseph's current and expected income."  As previously indicated herein, Plaintiff alleges that her mortgage broker Defendant Wilner Luctamar inflated her income on the loan application and submitted the application with the allegedly inflated income to Fremont.  (Comp. at ¶36-37).  Plaintiff's allegation is that she would not otherwise have qualified for the Loan, which she allegedly cannot afford.

36.    Thus, the only materially deceptive act as alleged is Defendant Wilner Luctamar's alleged misrepresentation *to Fremont* of Plaintiff's income information.  As such, Plaintiff has failed to allege a material deceptive act against Fremont, but has only alleged one as against Defendant Wilner Luctamar.

37.    "To state a claim pursuant to GBL §349 a plaintiff must allege "a material deceptive act or practice directed to consumers that caused actual harm."  Marcus v. AT&T Corp., 138 F.3d 46, 63 (2d Cir. 1998) (citing Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A., 623 N.Y.S.2d 529 (1995)).  As discussed herein, Plaintiff has failed to allege a "material deceptive act" by Fremont necessary to satisfy GBL §349.

38.    Additionally, in determining whether a representation or omission is a "deceptive act" within meaning of GBL 349, the test is whether such act is likely to "mislead a reasonable consumer acting reasonably under the circumstances."  Andre

-- 15 --

Strishak & Associates, P.C. v. Hewlett Packard Co., 300 A.D.2d 608, 609 (2nd Dept, 2002).

39.    Plaintiff alleges that she did not review the loan applications before signing them, and would not have signed them if she knew that the applications contained false information.  It is respectfully submitted that Plaintiff's failure to review the loan application, and to sign documents without ensuring the accuracy of the information contained therein was not "reasonable," and Plaintiff therefore did not act as "a reasonable consumer acting reasonably under the circumstances." Id at 609.

## POINT V

## PLAINTIFF'S CLAIM FOR ALLEGED FRAUD FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST FREMONT

40.    The Fifth cause of action of Plaintiff's Complaint similarly fails to state a claim for fraud upon which relief can be granted as against Fremont.

41.    As stated above with respect to Plaintiff's purported claim for alleged violation of GBL § 349, Plaintiff's entire theory of the case centers on alleged misrepresentations by her mortgage broker, Defendant Wilner Luctamar.  However, as previously stated herein, Plaintiff's claim is that the critical information that caused Plaintiff to qualify for the Loans which she allegedly could not afford was Defendant Wilner Luctamar's falsification of Plaintiff's income in the loan application provided to Fremont. (Comp. at 36-37).

42.    Federal Rules of Civil Procedure 9(b) requires that a cause of action for alleged fraud must be pled with particularity.  The Second Circuit has held that courts

"must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations…[P]lantiffs must allege facts that give rise to a strong inference of fraudulent intent." Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995).

43.    Plaintiff specifically states that "Mrs. Joseph had a reasonable right to rely, and in fact relied, *on Luctamar's statement of fact and omissions* in agreeing to purchase *and finance* the subject property." (Comp. at ¶98).   As Plaintiff only alleges that she relied on Defendant Wilner Luctamar's "statement of fact and omissions," and as Luctamar was neither an employee nor agent of Fremont, Plaintiff has failed to state a claim for alleged fraud against Fremont, let alone at the heightened level required by Fed. R. Civ. P. 9(b).

44.    For the foregoing reasons, it is respectfully submitted that Plaintiff's claim for alleged fraud be dismissed in its entirety against Fremont.

## POINT VI

## PLAINTIFF'S CLAIM FOR ALLEGED VIOLATION OF NYS HUMAN RIGHTS LAW FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST FREMONT

45.    The Eighth cause of action of Plaintiff's Complaint alleges a claim for discrimination against Fremont pursuant to NYS Human Rights Law, codified at Executive Law § 296-a.

46.      However, the standards relevant to this claim parallel those applicable under the Fair Housing Act, and need not be reiterated.  See, Lynn v. Village of Pomona, No. 05-cv-3955, 2007 U.S.App. LEXIS 610, at *3 n. 2 (2d Cir. Jan. 9, 2007) (noting that housing discrimination claims brought under state and local law are typically analyzed under the same framework as claims brought under the Fair Housing Act) (citing Dawson v. Bumble & Bumble, 398 F.3d 211, 217 (2d Cir. 2005)).

## POINT VII

## DISMISSAL OF PLAINTIFF'S FEDERAL STATUTORY CLAIMS SHOULD RESULT IN DECLINATION OF SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S ALLEGED STATE LAW CLAIMS

47.      Plaintiff has asked this Honorable Court to exercise supplemental jurisdiction over Plaintiff's alleged State and common law claims pursuant to 28 U.S.C. 1367.  However, to the extent Plaintiff's Federal Question claims pursuant to the statutes enumerated herein are dismissed, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.

48.      The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will

-- 18 --

"point towards declining to exercise jurisdiction over the remaining state-law claims");

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

49.    The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT & T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.").

50.    Based upon the foregoing, in the event Plaintiff's federal statutory claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's alleged state law claims and dismiss the instant action in its entirety as against Fremont.

## CONCLUSION

51.    As set forth at length herein, Plaintiff may have stated a claim for alleged fraud against Defendants Wilner Luctamar, and his employer Northwood Group, LLC, and that Plaintiff is a member of a protected class.  Unfortunately for Plaintiff, an allegation of possible fraud coupled with status as a member of a protected class does not create a claim for intentional racial discrimination against a lender like Fremont.  In particular, Plaintiff's claim that Defendant Wilner Luctamar falsified Plaintiff's income

information in the loan application that he provided *to Fremont* belies a cause of action against Fremont for discrimination, fraud, and GBL § 349.

52.    Despite Plaintiff's failure to even allege numerous elements of the causes of action she seeks to prosecute as discussed herein, her theory of the case and supporting factual allegations are inconsistent with the claims to the extent they are asserted against Fremont, whose only role in this matter was to provide Plaintiff with financing that she needed to purchase a home for her family, which she still owns and has thus far been able to afford.  Based upon all of the foregoing, it is respectfully requested that Plaintiff's action be dismissed in its entirety as against Fremont.


WHEREFORE, FREMONT INVESTMENT & LOAN respectfully request that the Court issue an Order pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), dismissing the Complaint of the Plaintiffs for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, with prejudice, and for such other and further relief as the Court deems just and proper.


Dated:    Tarrytown, New York
          May 16, 2008

                              KNUCKLES & KOMOSINSKI, P.C.

                              By:
                              KENNETH J. FLICKINGER, ESQ. (KJ-1179)
                              Attorneys for Defendants
                              FREMONT INVESTMENT & LOAN
                              220 White Plains Road, 6th Floor
                              Tarrytown, NY 10951
                              Telephone: (914) 220-0155
                              Facsimile: (914) 366-0080