UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE CHANTALE JOSEPH,

Plaintiff(s),

-against-

Case No.: 08-CV-3644 (SCR)

NORTHWOOD GROUP, LLC, CENTURY 21 WOLFF & SON BUSINESS BROKERS INC., FREMONT INVESTMENT & LOAN, WILNER LUCTAMAR, SG AMERICAS SECIRUITIES, GMAC MORTGAGE, XYZ CORPORATION, (said name being fictitious, it being the intention of Plaintiff to designate any corporation having a legal interest in Plaintiff's mortgages), DOES 1-10, (said name being fictitious, it being the intention of Plaintiff to designate any individual or corporation responsible in some manner for the injuries sustained by Plaintiff),

Defendant(s).

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFEDANT FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**KNUCKLES & KOMOSINSKI, P.C.**
KENNETH J. FLICKINGER, ESQ. (KJ-1179)
Attorneys for Defendant
FREMONT INVESTMENT & LOAN
220 White Plains Road, 6th Floor
Tarrytown, NY 10951
Telephone: (914) 220-0155
Facsimile: (914) 366-0080

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................ii-iii

PRELIMINARY STATEMENT....................1

ARGUMENT....................5

I. PLAINTIFF'S PROCEDURAL ARGUMENTS ARE MISPLACED OR MITIGATED....................2

II. PLAINTIFF'S AGENCY THEORY IS BELIED BY THE FACTS AND CONTRARY TO APPLICABLE LAW....................3

III. PLAINTIFF'S OPPOSITION PAPERS CONTAIN GLARING MISCHARACTERIZATIONS....................6

CONCLUSION....................7

**TABLE OF AUTHORITIES**

**CASES** **PAGE**

Bankers Trust v. McFarland, 743 N.Y.S. 2d 804 (Nassau Cty, 2002)......................5

Beard v. Worldwide Mortgage Corp.,

354 F. Supp. 789 (W.D. Tenn. 2005)...............................................................6

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007)......................2,4

Bhaduri v. Summer Sec. Services, 2006 WL 3114272 (S.D.N.Y.)...........................3

Boykin v. KeyCorp, 521 F.3d 202 (2d Cir. 2008)....................................................2

Burrell v. State Farm and Cas. Co.,

226 F. Supp. 2d 427 (S.D.N.Y. 2002).................................................................6

Center v. Hampton Affiliates, Inc., 66 N.Y.2d 782 (Ct. App. 1985) ......................5

Erickson v. Pardus, 127 S. Ct. 2197 (2007)..........................................................2

GE Capital Mortgage Services, Inc. v. Holbrooks,

245 A.D.2d 170 (1st Dept. 1997)..........................................................................5

In re G. & A. Books, Inc., 770 F.2d 288 (2d Cir. 1985)..........................................3

Iqbal v. Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911

(2d Cir. June 14, 2007)..........................................................................................2,4

Otero v. New York City Hous. Auth., 484 F.2d 1122 (2d Cir. 2002)....................6

**STATUTES**

42 U.S.C. § 3604.....................................................................................................1,5,6

42 U.S.C. § 3605.....................................................................................................1,5,6,10

Fed. R. Civ. P. 56......................................................................................................3

Fed. R. Civ. P. 12(b)(6) .......... 1,20

24 C.F.R. § 3500.2(b) .......... 5

**PRELIMINARY STATEMENT**

Not only does Plaintiff's Complaint and memorandum of law in purported opposition to the motion to dismiss by Defendant Fremont Investment & Loan ("Fremont") fail to allege any facts sufficient to make 'plausible' Plaintiff's otherwise conclusory allegations of discrimination and fraud, but Plaintiff also refuses to confront the factual evidence provided by Fremont with its motion to dismiss. While Fremont's motion to dismiss should be granted absent the documentary evidence provided therewith, should the Court deem it necessary, the instant motion to dismiss can be converted to a Rule 56 motion for summary judgment.

Plaintiff's allegations may set forth a cause of action against the parties that represented her in the purchase of the subject property, but Plaintiff's attempt to include Fremont as a perceived "deep pocket" requires the law and facts in this action to be stretched too far. As set forth below, the crucial agency theory upon which nearly all of Plaintiff's claims rely is belied by the Plaintiff's own facts and contrary to applicable law. Plaintiff's failure to address the most relevant and controlling cases cited by Fremont regarding Plaintiff's discrimination claims reveals the inadequacy of Plaintiff's pleadings. Based upon the largely uncontested arguments in Fremont's motion to dismiss and accompanying papers and those contained herein, Plaintiff's Complaint should be dismissed as against Fremont.

**POINT I**

**PLAINTIFF'S PROCEDURAL ARGUMENTS ARE MISPLACED OR MITIGATED**

1. The Supreme Court's decision in Bell Atl. Corp. v. Twombly, and the Second Circuits adoption thereof in Iqbal v. Hasty requires a pleader to amplify its pleadings with specific facts in those circumstances where a failure to do so renders the claims implausible. Despite these rules of law and Plaintiff's failure to abide thereby in the Complaint, Plaintiff attempts to divert this plausibility standard by citing two cases whose applicability to the instant action is questionable at best. 127 S. Ct. 1995 (2007); No. 05-5768, 2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007).

2. Plaintiff cites the Supreme Court's decision in Erickson v. Pardus for the purported position that no plaintiff ever needs to amplify its pleadings with factual averments. However, the Plaintiff in Erickson was *pro se*, therefore garnering the more liberal pleading rule requiring that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." 127 S. Ct. 2197 (2007).

3. The plaintiff in Boykin v. KeyCorp., the other case cited by Plaintiff in purported support of its position, was also *pro se*. 521 F.3d 202. With respect to the relationship between the Supreme Court's decisions in Twombly and Erickson, the court in Boykin stated "[a]fter Twombly, the Supreme Court issued another decision addressing the sufficiency of a pleading under Rule 8(a), *but this time specifically for a complaint filed pro se*." Id at 213 (referring to Erickson v. Pardus) (emphasis added). Thus, it would be inappropriate for the Court to replace the pleading requirements set

forth in the cases cited in Fremont's motion to dismiss for those propounded by Plaintiff which concern, or at least are affected by, *pro se* pleadings.

4. Plaintiff also asks the Court to refuse to consider the documentary evidence submitted in connection with Fremont's motion to dismiss. While Fremont's motion to dismiss should be granted notwithstanding the documentary evidence submitted, "a district court may convert a Rule 12(b)(6) motion into a motion for summary judgment without express notice to the parties." Bhaduri v. Summer Sec. Services, 2006 WL 3114272, 3 (S.D.N.Y.) (citing In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir.1985)). Thus, if the Court should find the documentary evidence necessary to a determination in favor of Fremont, the motion can be converted to a Rule 56 motion for summary judgment, and Fremont's motion should still be granted and Plaintiff's Complaint dismissed as against Fremont.

## POINT II

## PLAINTIFF'S AGENCY THEORY IS BELIED BY THE FACTS AND CONTRARY TO APPLICABLE LAW

5. Plaintiff's desire to keep a perceived "deep pocket" in the instant action has caused Plaintiff to stretch its claims far beyond the parties against whom they may be applicable, to the lender that was as unwitting as Plaintiff claims to have been in the subject transaction.

6. While Plaintiff is unable to assert any specific act or omission by Fremont, she attempts to impute to Fremont the actions of her mortgage broker and agent, Wilner

Luctamar, because Luctamar selected Fremont's loan product from an array of products that Defendant Northwood Group, LLC, offered from numerous different lenders.

7. Accepting Plaintiff's own factual allegations as true, the theory that Fremont must be liable for the alleged misrepresentations of Plaintiff's mortgage broker and agent still fails. Plaintiff's memorandum of law recites the factual allegations of the complaint, stating "Luctamar told Mr. Joseph that he "would take car of " the Josephs and help them buy a home," and "Luctamar agreed to represent the Josephs and told the Josephs that he would find the best mortgage for the Josephs…and, again, he "would take care of" the Josephs."[1] These factual allegations reveal that Wilner Luctamar was representing *the Josephs* as their agent and mortgage broker in this transaction, not Fremont.

8. On the contrary, Plaintiff's allegations in purported support of the agency theory against Fremont consist solely of conclusory statements that all defendants were agents and employees of one another.[2] In light of Plaintiff's allegations indicating that Luctamar acted as *Plaintiff's agent*, and the central importance of this issue to Fremont's potential liability, this is an instant where Plaintiff should be required to plead facts sufficient to make the agency claim 'plausible' as required by the applicable case law. See, Twombly, 127 S. Ct. 1995 (2007); Iqbal, No. 05-5768, 2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007).

9. Plaintiff's alleged agency theory is not only belied by the facts in the Complaint as indicated above, but is contradicted by applicable agency law.

[1] See Page 2 of Plaintiff's memorandum of law, citing ¶ 26 of the Complaint.
[2] See Page 8 of Plaintiff's memorandum of law, citing ¶ 22 of the Complaint.

10. Plaintiff's attempts to attribute the acts of the mortgage broker to Fremont are simply inaccurate and unsupported by any understanding of agency law. See, Bankers Trust v. McFarland, 743 N.Y.S.2d 804 (Nassau Cty, 2002) (stating that mortgage brokers were not exclusive agent of lender); GE Capital Mortgage Services, Inc. v. Holbrooks, 245 A.D.2d 170 (1st Dept. 1997) (stating that fraudulent actions of mortgage broker could not be imputed to lender where nature of fraud required mortgage broker to conceal misrepresentation from lender).

11. A mortgage broker is not an agent of the lender pursuant to Federal law as well. Regulation X, the implementing regulations for the Real Estate Settlement Procedures Act, codified at 24 C.F.R. § 3500 et seq., defines a mortgage broker as "[a] person (*not an employee or exclusive agent of a lender*) who brings a borrower and lender together to obtain a federally related mortgage loan." 24 C.F.R. § 3500.2(b) (emphasis added).

12. Even if the mortgage broker were deemed to be an agent of Fremont, which is expressly denied, Fremont still cannot be held liable for the mortgage broker's alleged misrepresentation of Plaintiff's income to Fremont, because "when an agent is engaged in a scheme to defraud his principal, either for his own benefit or that of a third person, the presumption that knowledge held by the agent was disclosed to the principal fails because he cannot be presumed to have disclosed that which would expose and defeat his fraudulent purpose." Center v. Hampton Affiliates, Inc., 66 N.Y.2d 782, 784-785 (Ct. App. 1985).

13. Based upon the foregoing arguments and those contained in Fremont's motion to dismiss, Plaintiff's agency theory fails to state a claim against Fremont and

Plaintiff's claims should be dismissed against Fremont to the extent they are derivative of alleged wrongful acts of the mortgage broker.

**POINT III**

**PLAINTIFF'S OPPOSITION PAPERS CONTAIN GLARING MISCHARACTERIZATIONS**

14. Plaintiff's credibility in this matter is diminished by gross mischaracterizations of law and fact. Plaintiff completely misreads and misapplies 42 U.S.C. § 3604, and falsely states that Fremont admits Luctamar's alleged misrepresentations.

15. Plaintiff's allegation that 42 U.S.C. § 3604 applies to a lender is erroneous. If § 3604 applied to lenders, there would be no need for 42 U.S.C. § 3605. The subject loans were not refinance or home improvement loans, and as such Plaintiff's reliance on Beard v. Worldwide Mortgage Corp., is misplaced. 354 F.Supp. 789 (W.D. Tenn. 2005). Furthermore, Plaintiff's reliance on Burrell v. State Farm and Cas. Co., is equally misplaced, as the direct quotation provided by Plaintiff is derived from Otero v. New York City Hous. Auth., wherein the court referenced the FHA, not exclusively § 3604, in stating that "financing, or brokerage of private housing" is covered by the FHA. 226 F. Supp. 2d 427 (S.D.N.Y. 2002); 484 F.2d 1122, 1133 (2d Cir. 2002). The plain reading of 42 U.S.C. § 3604 reveals that mortgage lending is not covered thereby.

16. Plaintiff's memorandum of law also states that "Fremont has acknowledged the deceptive acts committed by Luctamar."[3] Plaintiff cites paragraphs 35 and 36 of Fremont's memorandum of law in support of the motion to dismiss, a review of which reveals that each statement regarding Luctamar's alleged wrongdoing is qualified with "alleged" or "allegedly." Fremont has clearly *not* acknowledged that any allegedly deceptive acts were committed by Luctamar, and reasserts its express denial of Plaintiff's allegations herein. Plaintiff's disingenuous mischaracterizations discussed above reveal Plaintiff's desperation to keep Fremont in this action, at whatever cost.

**CONCLUSION**

17. Plaintiff' Complaint fails to allege any facts to support any of its claims against Fremont acting in its own capacity. Rather, Plaintiff attempts to use a week agency theory to impute the allegations against Plaintiff's real estate agent and mortgage broker to Fremont. As discussed above, Plaintiff's agency theory is belied by the facts, and contrary to applicable law. Plaintiff has misapplied the pleading standard, and has mischaracterized a number of other facts and laws. While Plaintiff's Complaint may state a cause of action against other defendants, it has failed to state a claim against Fremont. Based upon the arguments contained in Fremont's motion to dismiss and accompanying papers, and those contained herein, it is respectfully submitted that the Complaint should be dismissed as against Fremont in its entirety.

[3] Plaintiff's memorandum of law at Page 17, paragraph 2.

WHEREFORE, FREMONT INVESTMENT & LOAN respectfully request that the Court issue an Order pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), dismissing the Complaint of the Plaintiff for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: Tarrytown, New York
June 18, 2008

**KNUCKLES & KOMOSINSKI, P.C.**

By: ________________
KENNETH J. FLICKINGER, ESQ. (KJ-1179)
Attorneys for Defendants
FREMONT INVESTMENT & LOAN
220 White Plains Road, 6th Floor
Tarrytown, NY 10951
Telephone: (914) 220-0155
Facsimile: (914) 366-0080